UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| SUSAN SWANSON,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS NATIONAL BANK,<br><br>Defendants. | No. 6:24-CV-058-H |

# ORDER

On August 20, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that this case be dismissed with prejudice for lack of subject matter jurisdiction, or, alternatively, that dismissal is independently warranted based on insufficient process and insufficient service of process. Dkt. No. 23; *see* Fed. R. Civ. P. 12(b)(1), (4), (5). No objections were filed.[1] Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's FCR only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. After its review, the Court adopts the FCR in part and modifies it in part.

[1] On September 2, Susan Swanson filed a "Motion to Request Additional Time," alleging that she never received Citizens National Bank's motion to dismiss (Dkt. No. 21). Dkt. No. 24. Although this filing is clearly not an objection, to the extent Swanson meant it as such, it is not specific and do not satisfy Swanson's obligation to indicate the "specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Additionally, because the Court finds it lacks subject matter jurisdiction over Swanson's complaint, any potential objection is overruled as moot.

Judge Parker recommended that the Court dismiss "[Swanson's] [c]omplaint with prejudice." Dkt. No. 23 at 1. However, the Court will dismiss Swanson's claims against Citizens National Bank (CNB) without prejudice. A court's dismissal of a case resulting from a lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As such, "any dismissal predicated on Fed. R. Civ. P. 12(b)(1) must be without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

With that modification, Judge Parker's FCR is adopted. Swanson's claims against CNB are dismissed without prejudice. All pending motions are denied as moot.

So ordered on October 9, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE